UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| RONALD BATES, JR., | ) | CASE NO. 1:13 CV2316 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| CREDIT MANAGEMENT, | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendant. | ) | |

Before the Court is *pro se* Plaintiff Ronald Bates, Jr.'s above-captioned *in forma pauperis* Complaint. He names Credit Management, located in Carrollton, Texas, as the defendant. Mr. Bates alleges Credit Management "committed credit fraud" for which he seeks $150,000.00 in damages. For the reasons that follow, the Complaint is dismissed.

*Background*

Mr. Bates applied for a student loan and car loan in "August" of an undisclosed year. Both loans were denied. He claims the loans were denied because of a "bad credit score due to Credit Management." (Doc. No. 1 at 1.) Mr. Bates adds that he "never had an account with Credit

Management," but claims the company advised him he had a delinquent "wow account." He denies he ever had an account with Wow cable.[1] Based on these facts, Mr. Bates asserts Credit Management "violated 480 consumer credit/credit fraud." *Id.*

## *Standard of Review*

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss any claim under 28 U.S.C. §1915(e) if it fails to state a basis upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. §1915(e).

## *Failure to State a Claim*

Mr. Bates has not stated any basis for this Court's jurisdiction over his Complaint. His single page pleading simply alleges the defendant "committed credit fraud." He does not identify the nature of Credit Management's business nor how or why the company contacted him. Moreover, the Court cannot discern the meaning of Mr. Bates's allegation that the defendant "violated 480 consumer credit/credit fraud." (Doc. No. 1.)

Even liberally construing his allegations to suggest a Fair Credit Reporting Act (FCRA) claim, the Complaint would fail. Under the FCRA, consumer reporting agencies are required to "adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel

---

[1] This appears to be a reference to the "WideOpenWest (doing business as WOW!)" cable provider.

insurance, and other information in a manner which is fair and equitable to the consumer with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information ..." 15 U.S.C. § 1681(b). To guard against the abuse of consumer credit rights, the FCRA provides a private right of action against credit reporting agencies for negligent violations of any responsibility the statute imposes. *See* 15 U.S.C. § 1681o. The Act regulates "consumer report[s]" issued by "consumer reporting agenc[ies]." 15 U.S.C. § 1681a(d)(1). A consumer reporting agency, in this context, is "any person which ... regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties." 15 U.S.C. § 1681a(f).

Mr. Bates does not provide any information regarding Credit Management other than a Carrollton, Texas address. A name/address internet search reveals that the defendant specializes in recovering debts for the telecommunications industry. *See* http://www.thecmigroup.com/cable_collections. And no where in the Complaint does Mr. Bates allege or infer that Credit Management regularly engages in the evaluation of consumer credit information. Therefore, the defendant is clearly not a consumer reporting agency (as required by the statute), but a collection agency. *See e.g. Lewis v. Ohio Professional Electronic Network LLC*, 248 F.Supp.2d 693, 702 (S.D. Ohio 2003)("resellers [are]... not consumer reporting agencies, and are not responsible under the FCRA for inaccuracies in Plaintiff's consumer report"). As a matter of law, "[i]t is the consumer reporting agency that is charged with assuring the accuracy, confidentiality and proper dissemination of this information . . .". *DiGianni v. Stern's*, 26 F.3d 346, 349 (2d Cir.1994). Without alleging any injury caused by the party responsible for assuring accurate consumer credit information, Mr. Bates has failed to state a claim under the FCRA.

*Conclusion*

Based on the foregoing, Mr. Bates's Motion to Proceed *in forma pauperis* is granted (Doc. No. 2) and the Complaint is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

*/s/ Donald C. Nugent 4/23/14*
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken in *forma pauperis* if the trial court certifies in writing that it is not taken in good faith."